1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8

9

10

11  JOHN E. JAMES, III.,                     )          CV F- 04-5878 REC DLB P
                                             )
12                  Plaintiff,               )          FINDINGS AND
                                             )          RECOMMENDATIONS RE
13          v.                               )          PLAINTIFF'S MOTION
                                             )          PRELIMINARY INJUNCTIVE RELIEF
14  A. K. SCRIBNER, et al.,                  )          (DOC 40)
                                             )
15                  Defendants.              )
    _____ )

16

17

18          Plaintiff is a state prisoner proceeding pro per and in forma pauperis with a civil rights action

19  pursuant to 42 U.S.C. section 1983.

20          On April 25, 2005, plaintiff filed a Motion for Preliminary Injunctive Relief in which he

21  requests an order requiring his removal from the California Department of Corrections.  Plaintiff

22  requests that he be placed in federal custody.

23          As plaintiff has been advised, the purpose of a preliminary injunction is to preserve the status

24  quo if the balance of equities so heavily favors the moving party that justice requires the court to

25  intervene to secure the positions until the merits of the action are ultimately determined.  University

26  of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff

27  who "demonstrates either (1) a combination of probable success and the possibility of irreparable

28  harm, or (2) that serious questions are raised and the balance of hardship tips in its favor."  Arcamuzi

1  v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff

2  "must demonstrate a significant threat of irreparable injury."  Id.  Also, an injunction should not

3  issue if the plaintiff "shows no chance of success on the merits."  Id.  At a bare minimum, the

4  plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to

5  require litigation."  Id.

6         "A federal court may issue an injunction if it has personal jurisdiction over the parties and

7  subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not

8  before the court."  Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985).

9  Plaintiff is not entitled to preliminary injunctive relief until such time as the court finds that his

10 complaint contains cognizable claims for relief against the named defendants and the named

11 defendants have been served with the summons and complaint.  Plaintiff's motion for preliminary

12 injunctive relief is premature in that defendants have not appeared in this action.

13         Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for

14 preliminary injunctive relief, filed on April 25, 2005 be denied and plaintiff be cautioned that he

15 should not file additional motions for preliminary injunctive relief until defendants have appeared in

16 this action.

17         These Findings and Recommendations will be submitted to the United States District Judge

18 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)

19 days after being served with these Findings and Recommendations, plaintiff may file written

20 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

21 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

22 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

23 1153 (9th Cir. 1991).

24         IT IS SO ORDERED.

25 **Dated:    April 28, 2005**                  **/s/ Dennis L. Beck**

26 3b142a                                          UNITED STATES MAGISTRATE JUDGE

27

28