UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN E. JAMES, III., | ) | CV F- 04-5878 REC DLB P |
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATIONS RE PLAINTIFF'S MOTION FOR DECLARATORY RELIEF (DOCS 83, 114) |
| v. | ) ) | |
| A. K. SCRIBNER, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff is a state prisoner proceeding pro per and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983.

This action is proceeding on plaintiff's amended complaint filed January 4, 2005, claiming excessive force was used against him by prison staff at Corcoran State Prison on July 16, 2003. On September 23, 2005, still incarcerated at Corcoran State Prison, plaintiff filed a Motion for Preliminary Injunctive Relief requesting an order transferring him to federal custody as well as a sworn declaration from J.S. Woodford (not a party to this action) that the alleged harassment against him will stop. On September 30, 2005, the Court ordered defendants to respond to plaintiff's motion for preliminary injunction. On November 14, 2005, plaintiff notified the Court that he had been transferred to Calipatria State Prison. *See* Document No. 101. On December 29, 2005, defendants filed an opposition to plaintiff's motion for preliminary injunction, arguing in part, that plaintiff's

motion was moot based on his transfer. On February 6, 2006, plaintiff filed a reply to defendants' opposition, as well as an additional motion for preliminary injunction in which he still requests a transfer into federal custody. Plaintiff contends that officials at Calipatria State Prison are retaliating against him and attempting to prevent him from prosecuting this action.

  Plaintiff's first motion for preliminary injunction is moot based on his transfer to Calipatria State Prison. When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

  Plaintiff's second motion for preliminary injunction must also be denied because the court is unable to issue any order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). In the instant action, plaintiff claims excessive force was used against him by prison staff at Corcoran State prison on July 16, 2003. In the February 6, 2006 motion for preliminary injunction, plaintiff seeks relief from "Calipatria State Prison Officials." Plaintiff's motion fails to link any alleged conduct or harm to parties named in this action. In addition, plaintiff's amended complaint neither contains a cause of action for similar permanent injunctive relief nor contains claims relating to the same or similar issues. Because the federal court is a court of limited jurisdiction, as a threshold matter, the court must have before it a case or controversy. Flast v. Cohen, 392 U.S. 83, 88 (1968). Absent such a case or controversy, the court has no power to hear the matter. Rivera v. Freeman, 469 F.2d 1159, 1162-1163 (9th Cir. 1972). Since the amended complaint in this case does not contain allegations raising issues similar to those presented in the instant motion, there is no controversy present with respect to such issues and, as a result, the court cannot address either the likelihood of success on the merits or whether there are serious questions going to the merits of plaintiff's claims.

  For the foregoing reasons, the court HEREBY RECOMMENDS that plaintiff's motions for preliminary injunctive relief, filed September 23, 2005 and February 6, 2006, be DENIED.

  These Findings and Recommendations will be submitted to the United States District Judge

1  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20)
2  days after being served with these Findings and Recommendations, the parties may file written
3  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
4  Findings and Recommendations."  The parties are advised that failure to file objections within the
5  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
6  1153 (9th Cir. 1991).

8           IT IS SO ORDERED.
9           Dated:   **April 6, 2006**                    **/s/ Dennis L. Beck**
   3b142a                                         UNITED STATES MAGISTRATE JUDGE