UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. JAMES, III., ) | CV F- 04-5878 REC DLB P |
| Plaintiff, ) | ORDER RE PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS |
| v. ) | (DOC 109) |
| A. K. SCRIBNER, et al., ) | |
| Defendants. ) | |

### I.  Background

Plaintiff is a prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. This action is proceeding on plaintiff's amended complaint, filed against numerous correctional guards at Corcoran State Prison (CSP) for allegedly using excessive force on July 16, 2003, in violation of the Eighth Amendment. Pending before the court is plaintiff's motion to compel production of documents by defendants. Defendants filed an opposition to the motion on February 28, 2006. Plaintiff filed a reply on April 28, 2006.

On November 17, 2005, plaintiff filed the present motion to compel seeking documents which were withheld by defendants as privileged. The following categories of documents are at issue:

(1) Policies on staff use of force against inmates;

(2) Policies related to staff response to inmates with their cell windows fixtures covered;

(3) Documents related to the use of force against plaintiff on July 16, 2003, including medical records, incident reports, statements, investigative materials and staff discipline;

(4) The complete contents of plaintiff's Central File;

(5) Documents that relate to defendants' disciplinary history;

(6) Documents related to the use of force against inmates in CSP's Security Housing Unit (SHU) since July 16, 2001;

(7) Documents relating to complaints against staff by SHU inmates for the use of force since July 16, 2001;

(8) Documents related to the allegations in plaintiff's complaint; and

(9) Documents relating to defendants' insurance coverage.

Defendants contend many of the documents are equally available to plaintiff and are privileged under California Penal Code Section 823.5, and California Government Code Section 6254 and are protected from disclosure by the privacy rights of staff and other inmates. Defendants also contend that disclosure would jeopardize the safety and security of the institution, staff and inmates.

**II.   Legal Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter . . . . The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

In federal question cases, privileges asserted in response to discovery requests are determined under federal law, not the law of the forum state. Fed. R. Evid. 501; <u>United States v.</u>

Zolin, 491 U.S. 554, 562 (1989); Kerr v. United States District Court for the Northern District of California, 511 F.2d 192, 197 (9th Cir. 1975).  Federal common law recognizes a qualified privilege for official information, also known as the governmental privilege, or state secret privilege.  Kerr v. United States District Court for the Northern District of California, 511 F.2d 192, 198 (9th Cir. 1975). The application of the official information privilege is "contingent upon the competing interests of the requesting litigant and subject to disclosure especially where protective measures are taken." Id.

Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. See Breed v. United States Dist. Ct. for Northern District, 542 F.2d 1114, 1116 (9th Cir.1976) (balancing the invasion of minor's privacy rights against the court's need for ward files); Johnson by Johnson v. Thompson, 971 F.2d 1487, 1497 (10th Cir.1992), *cert. den*. 507 U.S. 910, 113 S.Ct. 1255, 122 L.Ed.2d 654 (1993) (denying discovery of names of participants in a medical study due to privacy interests of the individual participants); Cook v. Yellow Freight Sys., Inc., 132 F.R.D. 548, 550-51 (E.D.Cal.1990) (balancing targeted individual's right of privacy against public's need for discovery in employment discrimination case).

**III.     Discussion**

Request Numbers 1 and 2 in which plaintiff seeks policies relating to the use of force, are relevant to plaintiff's claims and therefore should be produced.  The fact that plaintiff also has access to the California Department Operations Manual and the California Code of Regulations is not a valid objection.

Request Number 3, seeking documents relating to the use of force on plaintiff on July 16, 2003 including, medical records, incident reports, statements or other investigative materials, are relevant to plaintiff's claims and therefore discoverable.  The balance of hardships tips in plaintiff's favor for a limited disclosure, subject to the conditions of this order and for use only in this litigation.  Defendants shall produce redacted versions of the documents to plaintiff pursuant to the terms of this order.   However, to the extent Plaintiff requests documents relating to "other inmates' medical and disciplinary records," the request is violative of the privacy rights of the "other inmates."  The Court fails to see the relevance of these documents and without more detail from

plaintiff, as drafted, the request is denied.

Request Number 4 for the "complete contents of plaintiff's detention central file" is, as argued by defendants, over broad. Plaintiff has also failed to establish that the file is in defendants' "possession, custody or control." As noted by defendants, plaintiff has the ability to review his file at the institution. Defendants have also indicated that they would be willing to discuss copying specified documents for plaintiff should he so request.

Request Numbers 5, 6 and 7 seek defendants' disciplinary history at CSP or any other facility, documents relating to the use of force against inmates in the SHU since July 16, 2001 and documents related to complaints regarding the use of excessive force by staff against SHU inmates. As drafted, these requests are overly broad as to time and scope. Only those documents which are relevant to the subject matter in the pending action are discoverable. Thus, plaintiff's requests must be narrowed to include only disciplinary records and other documents concerning incidents that are factually similar to plaintiff's allegations in the instant action. Further, plaintiff's request must be narrowed to a specific time period. The events giving rise to the claims against the defendants in this action occurred on July 16, 2001. Accordingly, the documents requested by plaintiff are limited to the time period between 6/00 and 12/01. As limited, plaintiff's motion is granted as to Request Numbers 5, 6, and 7, subject to the terms of this order.

In Request Number 8, plaintiff seeks "all other documents, items of evidence, or sworn or unsworn statements or affidavits that relate to the allegations made in plaintiff's complaint." This request is vague, ambiguous and appears to be duplicative of previous requests. Plaintiff's motion as to Request Number 8 is therefore denied.

Defendants have responded that no documents exist which are responsive to Request Number 9, seeking insurance policies.

**IV.   Order**

Based on the foregoing, plaintiff's motion to compel is HEREBY GRANTED in part. Plaintiff's motion to compel further response to Request Numbers 1, 2, 3, 5, 6, and 7 is granted, subject to the limitations set forth in this order. Defendants shall produce responsive documents

within 30 days of this order subject to the following:

1. Defendants shall redact any and all personal information including but not limited to social security numbers, home addresses, telephone numbers, family information and background information of defendants or any other CDC employees or inmates who are not parties to this action.

2. The documents shall be disclosed only to plaintiff representing himself in this action; Court personnel and stenographic reporters engaged in such proceedings as are incidental to the preparation for the trial in this action; witnesses to whom the documents may be disclosed during or in preparation for a deposition taken in this matter or otherwise during the preparation for trial and trial, provided that the witness may not leave any deposition with copies of any of the documents, and shall be informed and agree to be bound by the terms of this order.

3. Plaintiff shall not make copies of the confidential material except as necessary for purposes of this litigation.

4. The documents in plaintiff's possession shall be destroyed or returned to the CDC within 20 days of the time it is no longer needed for purposes of this litigation.

IT IS SO ORDERED.

Dated:   June 1, 2006                        /s/ Dennis L. Beck
3b142a                                       UNITED STATES MAGISTRATE JUDGE