UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN E. JAMES, III., | ) | CV F- 04-5878 OWW DLB P |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF |
| v. | ) | (DOCS 125, 140) |
| A. K. SCRIBNER, et al., | ) | |
| Defendants. | ) | |

Plaintiff is a state prisoner proceeding pro per and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983.

This action is proceeding on plaintiff's amended complaint filed January 4, 2005, claiming excessive force was used against him by prison staff at Corcoran State Prison on July 16, 2003. On November 14, 2005, plaintiff notified the Court that he had been transferred to Calipatria State Prison. On August 1, 2006, the undersigned adopted the Magistrate Judge's recommendation to deny two motions for preliminary injunction filed by plaintiff requesting a transfer to federal custody and a sworn declaration from J.S. Woodford (not a party to this action) that alleged harassment against him by Calipatria State Prison staff would stop. In denying these motions, the Court advised plaintiff that it was unable to issue orders against individuals who are not parties to a suit pending before it. *See* Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). In addition,

1  plaintiff was advised that since the amended complaint in this case does not contain allegations
2  raising issues similar to those presented in the motions for preliminary injunction, there was no
3  controversy present with respect to such issues and, as a result, the court could not address either the
4  likelihood of success on the merits or whether there are serious questions going to the merits of
5  plaintiff's claims.
6       On April 28, 2006, plaintiff filed a third motion for preliminary injunction alleging that other
7  prisoners at Calipatria State Prison are endangering his life and that prison officials are restricting his
8  access to the law library.  Plaintiff again requests a transfer to federal custody.
9       On July 11, 2006, plaintiff filed a fourth motion for preliminary injunctive relief alleging that
10 prison officials at Calipatria State Prison are restricting his access to the law library in retaliation for
11 prosecuting this lawsuit.  Plaintiff also claims he has been mis-classified; his administrative appeals
12 have been mishandled and prison staff have displayed hostility toward him.  Plaintiff requests that an
13 investigation be ordered by this Court; that prison officials at Calipatria State Prison be ordered to
14 process his appeals as staff complaints; that all future incidents between himself and prison officials
15 be viewed as retaliatory; and that he be transferred to federal custody.
16      Defendants filed oppositions to the motions on October 11, 2006.

17 **DISCUSSION**

18      As plaintiff was previously advised in connection with his prior motions for preliminary
19 injunction in which he requested similar relief, the court is unable to issue any order against
20 individuals who are not parties to a suit pending before it.  <u>Zenith Radio Corp. v. Hazeltine</u>
21 <u>Research, Inc.</u>, 395 U.S. 100 (1969).  In the instant action, plaintiff claims excessive force was used
22 against him by prison staff at Corcoran State prison on July 16, 2003.  He is no longer incarcerated at
23 Corcoran State Prison.  In his current motions for preliminary injunction, plaintiff seeks relief from
24 "Calipatria State Prison Officials" relating to alleged conditions occurring at that institution.
25 Plaintiff's motion fails to link any alleged conduct or harm to parties named in this action, who are
26 staff at Corcoran State Prison.  In addition, plaintiff's amended complaint neither contains a cause of
27 action for similar permanent injunctive relief nor contains claims relating to the same or similar
28

issues. Because the federal court is a court of limited jurisdiction, as a threshold matter, the court must have before it a case or controversy. <u>Flast v. Cohen</u>, 392 U.S. 83, 88 (1968). Absent such a case or controversy, the court has no power to hear the matter. <u>Rivera v. Freeman</u>, 469 F.2d 1159, 1162-1163 (9th Cir. 1972). Since the amended complaint in this case does not contain allegations raising issues similar to those presented in the instant motion, there is no controversy present with respect to such issues and, as a result, the court cannot address either the likelihood of success on the merits or whether there are serious questions going to the merits of plaintiff's claims.

Plaintiff is again advised that the court cannot issue orders that do not remedy the claims alleged in this action. Thus, plaintiff is not entitled to orders that, rather than serving to remedy the claims in this action, serve to allow plaintiff to litigate this action more effectively. Plaintiff is cautioned to any further motions for preliminary injunctive relief seeking orders that do not remedy the claims alleged in this action, will be denied.

For the foregoing reasons, plaintiff's motions for preliminary injunctive relief, filed April 28, 2006 and July 11, 2006 are HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   January 19, 2007**            _____/s/ Oliver W. Wanger_____
emm0d6                                    UNITED STATES DISTRICT JUDGE

U.S. District Court
E. D. California

3