UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN E. JAMES, III., | ) | CV F- 04-5878 LJO DLB P |
| | ) | |
| Plaintiff, | ) | ORDER RE PLAINTIFF'S MOTION |
| | ) | FOR SANCTIONS AND TO COMPEL |
| v. | ) | FURTHER PRODUCTION OF |
| | ) | DOCUMENTS |
| A. K. SCRIBNER, et al., | ) | (DOC 142, 148) |
| | ) | |
| Defendants. | ) | |
| | ) | |

**I.     Background**

Plaintiff is a prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. This action is proceeding on plaintiff's amended complaint, filed against numerous correctional guards at Corcoran State Prison (CSP) for allegedly using excessive force on July 16, 2003, in violation of the Eighth Amendment. Pending before the court are two motions for sanctions filed by plaintiff on July 19, 2006 and August 8, 2006, both of which address defendants' production of documents pursuant to this Court's Order of June 28, 2006, granting in part, plaintiff's motion to compel production of documents. Defendants filed an opposition to the motions on August 18, 2006 and plaintiff filed a reply on August 24, 2006.

On August 3, 2005, plaintiff served a request for production of documents to which defendants responded on September 30, 2005, producing documents and objecting to certain requests. On June 1, 2006, following plaintiff's motion to compel production of additional documents, the Court issued an order granting the motion in part and denying it in part. On June 28, 2006, the Court modified the time period for which defendants were to produce documents.

Defendants represent that on July 3, 2006, they served a supplemental response to plaintiff's request for production of documents and produced 42 pages of additional documents. After obtaining an extension from the Court, on July 17, 2006, defendants served a second supplemental response to plaintiff's document request, producing an additional 166 documents.

## II.     Discussion

In his motions for sanctions, plaintiff contends that defendants are withholding documents ordered produced by the Court in granting his motion to compel in part. Specifically, plaintiff contends that defendants have failed to produce a video tape of an interview conducted with plaintiff on July 18, 2003 and documents evidencing the use of force.

Defendants represent that they have produced all documents in their possession, covered by the Court's orders and further that the video tape does not exist. Defendants also submit copies of their three separate document productions.

The Court has broad powers to impose sanctions against a party for failing to comply with a court order compelling discovery. *See* Fed.R.Civ.P. 37(b)(2). Sanctions are appropriate if a party or someone under a party's control is guilty of any misconduct in connection with court orders regarding discovery, including failing to produce documents or things as ordered by the court or otherwise disobeying a court order. Fed.R.Civ.P. 37(b)(2). In such cases, the court shall make "such orders as are just." *Id.*

Here, defendants represent that all documents responsive to the Court's orders have been produced and they are not withholding documents from plaintiff. It is not unusual in civil cases for the parties to disagree about whether each side has produced all available information in response to discovery. In such cases, and absent direct evidence to the contrary, the Court must take parties at

1  their word when they represent that they have fully complied with a discovery request or order of the
2  court. This case is no exception. There is no basis for a finding that defendants have disobeyed or
3  otherwise failed to comply with this Court's orders and therefore plaintiff's motions for sanctions are
4  HEREBY DENIED.
5      Defendants are reminded, however, that they will be precluded from using at a trial, at a
6  hearing or in any motion, any information covered by this Court's orders or defendants' continuing
7  duty to supplement, which has not been produced to plaintiff. Furthermore, defendants will be
8  sanctioned should the Court determine that documents were withheld from plaintiff in violation of a
9  court order or the Federal Rules of Civil Procedure.

11      IT IS SO ORDERED.
12      **Dated:   March 21, 2007**            **/s/ Dennis L. Beck**
   3b142a                                    UNITED STATES MAGISTRATE JUDGE