# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JAMES, | CASE NO. 1:04-CV-05878-LJO-DLB P |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | (Doc. 196) |
| A.K. SCRIBNER, | |
| Defendant. | |

Plaintiff is a prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. This action is proceeding on plaintiff's amended complaint, filed against numerous correctional guards at Corcoran State Prison (CSP) for allegedly using excessive force on July 16, 2003, in violation of the Eighth Amendment. On May 1, 2007, plaintiff filed a motion for summary judgment.

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). It is the moving party's burden to establish that

///

there exists no genuine issue of material fact and that the moving party is entitled to judgment as a

1   matter of law. <u>British Airways Board v. Boeing Co.</u>, 585 F.2d 946, 951 (9th Cir. 1978).

2   "When the moving party does not have the burden of proof on the issue, he need show only that the opponent cannot sustain his burden at trial." <u>Calderone v. United States</u>, 799 F.2d 254, 259 (6th Cir. 1986) (quoting from W. Schwarzer, <u>Summary Judgment Under the Federal Rules: Defining Issues of Material Fact</u> 99 F.R.D. 465, 487 (1984)). "But where the moving party has the burden - the plaintiff on a claim for relief or the defendant on an affirmative defense - his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." <u>Id</u>. Here, plaintiff must demonstrate there is no triable issue as to the matters alleged in his second amended complaint. <u>Id</u>. This requires plaintiff to establish beyond controversy every essential element of his equal protection claim. <u>Fontenot v. Upjohn Co.</u>, 780 F.2d 1190, 1194 (5th Cir. 1986). Plaintiff's evidence is judged by the same standard of proof applicable at trial. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986).

Plaintiff argues he is entitled to summary judgment because he presents, "a claim of genuine issue, supported by material facts for trial, " basing his motion for summary judgment on the contents of his own declaration and various inmate witness declarations.

As the party moving for summary judgment, plaintiff bears the initial burden of setting forth evidence establishing beyond controversy the elements of his claims. Plaintiff has not done so. Instead, plaintiff's motion reveals triable issues of material fact precluding summary judgment. Plaintiff sets forth evidence which he believes entitles him to relief on his claims but he in no way establishes that the facts are undisputed. Indeed, plaintiff does not even argue that the facts are undisputed. It appears that plaintiff may misunderstand the purpose of a motion for summary judgment. As stated above, summary judgement is only appropriate when it is demonstrated that there are no genunine issues as to any material facts and the moving party is entitled to judgment as a matter of law. Because plaintiff has failed to meet his burden as the party moving for summary judgment, the burden does not shift to defendants to come forth with evidence raising a genuine issue of material fact.

Plaintiff has not met his initial burden as the party moving for summary judgment. Plaintiff's motion for summary judgment, filed July 13, 2007 is therefore DENIED.

1    IT IS SO ORDERED.

2    **Dated:     March 13, 2008**              /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE