UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. JAMES, III., | CASE NO: 1:04-CV-5878 LJO DLB P |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENAS DUCES TECUM AND PLACING PARTIES ON NOTICE THAT THE SUBPOENAS TO THE INSPECTOR GENERAL'S OFFICE AND THE CDCR OFFICE OF INTERNAL AFFAIRS WILL ISSUE AFTER FIVE DAYS FROM THE DATE OF SERVICE OF THIS ORDER |
| v. | |
| A. K. SCRIBNER, et al., | |
| Defendants. | (Doc. 223) |

Plaintiff John E. James ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. This action is proceeding on plaintiff's amended complaint, filed against numerous correctional guards at Corcoran State Prison (CSP) for allegedly using excessive force on July 16, 2003, in violation of the Eighth Amendment. On June 7, 2007, Plaintiff filed a motion for the issuance of a subpoena duces tecum, which was denied without prejudice to renewal accompanied by an offer of proof concerning the existence of the documents and the location of the documents. (Docs. 199, 222). Now pending before the court is plaintiff's renewed motion, filed March 17, 2008. Fed. R. Civ. P. 45. (Doc. 223).

In plaintiff's instant motion, he seeks from the California Inspector General's Office all

documents reviewed by their office during their investigation into his allegations of excessive force. Plaintiff also seeks from the California Department of Corrections and Rehabilitation, Office of Internal Affairs ("CDCR-OIA") all documents relevant to the investigation conducted by CDCR-OIA into plaintiff's allegations of excessive force. Plaintiff also requests "[A]ll documents written or created since (June 2002 through December 2003), that contain, mention, or construe, or refer to any inspections, 'inquiry', or complaint about excessive force by staff against (SHU) Inmates, whether formal or informal, official or unofficial, including inmate, staff, & citizens grievance's complaints & appeals, & including responses to such documents prepared by responding agencies, staff, or their agents." (Emphasis in original.)

Plaintiff's requests, as written, are overly broad. Plaintiff indicated during the telephonic trial confirmation hearing held August 10, 2008 that he is namely interested in any statements made to the California Inspector General's Office or the CDCR-OIA during the courses of their investigations. The Court shall grant plaintiff's motion in part, and order both the California Inspector General's Office and the California Department of Corrections and Rehabilitation, Office of Internal Affairs, to produce **any and all statements, including but not limited to written or videotape statements, taken during the course of their respective investigations into plaintiff's allegation of use of excessive force against him on July 16, 2003.**

As plaintiff is proceeding *pro se* and *in forma pauperis*, he is entitled to service of the subpoena by the United States Marshal. 28 U.S.C. § 1915(d). Pursuant to Federal Rule of Civil Procedure 45(b)(1), this order provides the requisite notice to the parties that the Court will, after **five** days from the date of service of this order, issue the subpoena and direct the United States Marshal to effect personal service.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for the issuance of a subpoena duces tecum, filed February 19, 2008, is GRANTED IN PART;
2. Pursuant to Rule 45(b)(1), the parties are placed on notice that a subpoena duces tecum to the California Inspector General's Office shall be issued after **five (5) days** from the date of service of this order; and
3. Pursuant to Rule 45(b)(1), the parties are placed on notice that a subpoena duces

tecum to the California Department of Corrections and Rehabilitation, Office of Internal Affairs, shall be issued after **five (5) days** from the date of service of this order.

IT IS SO ORDERED.

**Dated:   August 11, 2008**          /s/ **Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE