# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. JAMES III, | Case No.: 1:04-cv-05878 LJO DLB PC |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO COMPEL |
| BEER, et al., | (Doc. 259) |
| Defendants. | |
| _____ / | |

**I.      Background**

Plaintiff John E. James III ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. This action is proceeding on plaintiff's amended complaint, filed January 4, 2005 against the following defendants: Sgt. Beer, Sgt. J. Martinez, Sgt. R. Vogel, Correctional Officer Torres, Correctional Officer H. German, Correctional Officer D. Valtierra, Correctional Officer E. Trotter, MTA F. Lemos, MTA. G. Maldonaldo, R.N. N. Edmond, Dr. J., R. Broomfield, Captain. D. Means, Lt. Rabe, S. Rocha, D. Stockman, and V. Yamamoto. Plaintiff names all defendants in both their individual and official capacities (Doc. 24, Amended Complaint).

On June 7, 2007, Plaintiff filed a motion for the issuance of a subpoena duces tecum, which was denied without prejudice. Plaintiff was advised that a renewed motion was to be accompanied by an offer of proof concerning the existence of the documents and the location of the documents. (Doc. 199, Motion for Subpoena Duces Tecum; Doc. 222, Order on Motion for Subpoena Duces Tecum). On March 31, 2008, Plaintiff filed a renewed motion, seeking from the California Inspector

1

General's Office all documents reviewed by their office during their investigation into his allegations of excessive force. Plaintiff also sought from the California Department of Corrections and Rehabilitation Office of Internal Affairs all documents relevant to the investigation conducted by CDCR Office of Internal Affairs into plaintiff's allegations of excessive force. Plaintiff also requests "[A]ll documents written or created since (June 2002 through December 2003), that contain, mention, or construe, or refer to any inspections, 'inquiry', or complaint about excessive force by staff against (SHU) Inmates, whether formal or informal, official or unofficial, including inmate, staff, & citizens grievance's complaints & appeals, & including responses to such documents prepared by responding agencies, staff, or their agents." (Emphasis in original.) (Doc. 223, Motion for Subpoena Duces Tecum).

By order issued August 11, 2008, the Court granted Plaintiff's motion in part. (Doc. 243). On August 19, 2008, the Court issued orders directing service of the subpoena duces tecum upon the Office of the Inspector General, and also upon the California Department of Corrections and Rehabilitation Office of Internal Affairs ("OIA") . (Docs. 245, 246).[1]  Now pending before the Court is Plaintiff's motion to compel the production of documents from non-party CDCR.  (Doc. 259). Non-parties CDCR and OIA jointly filed an opposition to the motion on November 7, 2008.  (Doc. 260).

**II.    Plaintiff's Motion to Compel**

On August 19, 2008, this Court issued a subpoena duces tecum upon the California Department of Corrections Office of Internal Affairs commanding the production of "any and all statements, including but not limited to written or videotape statements, taken during the court of your investigations into plaintiff's allegation of use of excessive force against him on July 16, 2003." (Doc. 246).

Plaintiff states that on September 24, 2008 he received notice that CDCR and the OIA objected to the subpoena. (Doc. 259, p.1).   Although Plaintiff has not provided the Court with a copy of the non-parties' response, the non-parties have submitted a copy with their opposition. (Doc.

---

[1] The subpoena duces tecum issued to the Office of the Inspector General is not at issue in the instant motion to compel.

260).

Non-parties CDCR and OIA objected to the subpoena on the following grounds: 1) the document request is overbroad, in that, *inter alia,* it is unclear if the subpoena is directed only to the Office of Internal Affairs or the entire California Department of Corrections and Rehabilitation; 2) the request seeks documents that are potentially privileged and protected and therefore not subject to production, 3) the request violates CDCR's obligation to maintain the confidentiality of all records pertaining to inmate and personnel pursuant to California Code of Regulations Title 15, 4) CDCR enjoys sovereign immunity pursuant to the Eleventh Amendment, and 5) the subpoena was issued after the discovery deadline.[2] Id. Without waiving objections, non-parties CDCR and OIA state that the Office of Internal Affairs has no responsive documents or recorded statements related to the alleged July 16, 2003 incident. (Id., at p.3).

In the instant motion to compel, Plaintiff argues that non-parties CDCR and OIA have not provided a description of the nature of documents withheld on the grounds of privilege. Plaintiff further argues:

> The (CDCR) & (OIA), are one in the same; the fact that (CDCR) responded to this subpoena indicates that they are aware that they (CDCR) are required to produce the documents sought by the Court...-unlike (O.I.A) - (CDCR) is not denying that they are in fact presently in possession of the documents sought; so their asserssion [sic] that the request is ambiguous because it could apply to (CDCR) or (O.I.A.) is rediculous [sic]; & simply splitting-hairs...
> ***
> It is clear that (CDCR/OIA) at some point was in possession of the documents sought...If those documents are now solely in (CDCR) custody; they should now be ordered (compeled) [sic] produced; in the interest of justice..."
> (Doc. 259, Motion to Compel, pp.2-3, emphasis in original)

Plaintiff's motion for a subpoena duces tecum was initially denied without prejudice. Plaintiff was advised that a renewed motion must be accompanied by an offer or proof concerning the existence of the documents sought and the location of the documents. Plaintiff was specifically advised that the Court would not send the United States Marshal on a fishing expedition for documents.

---

[2]The non-parties have requested a formal hearing to allow CDCR to address the various concerns and privileges set forth in their opposition. The Court does not find a formal hearing necessary at this time.

On March 31, 2008 Plaintiff filed his renewed motion. Plaintiff specifically stated that he sought documents from the California Department of Corrections and Rehabilitation Office of Internal Affairs. Plaintiff also listed the CDCR OIA as the address for service of the subpoena duces tecum. Based on Plaintiff's offer of proof, the Court issued the subpoena duces tecum upon the Office of Internal Affairs. Non-parties CDCR and OIA state that the OIA has no documents responsive to the request. Plaintiff may not broaden the scope of the subpoena to capture all of the CDCR in an attempt to locate the documents he wants. This amounts to a fishing expedition, which was the basis for the denial of Plaintiff's original request for a subpoena. Because the subpoena issued was directed only to the Office of Internal Affairs, Plaintiff's motion to compel the production of documents from CDCR is denied.

IT IS SO ORDERED.

**Dated:   December 16, 2008**              **/s/ Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE