# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. JAMES III, | CASE NO. 1:04-cv-05878-LJO DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED |
| v. | |
| A.K. SCRIBNER, et al., | (Doc. 257) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN 15 DAYS |

Plaintiff John E. James III ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed January 4, 2005 against the following defendants: Sgt. Beer, Sgt. J. Martinez, Sgt. R. Vogel, Correctional Officer Torres, Correctional Officer H. German, Correctional Officer D. Valtierra, Correctional Officer E. Trotter, MTA F. Lemos, MTA. G. Maldonaldo, R.N. N. Edmond, Dr. J., R. Broomfield, Captain. D. Means, Lt. Rabe, S. Rocha, D. Stockman, and V. Yamamoto. (Doc. 24, Amended Complaint).

Now pending is Plaintiff's motion for a court order allowing Plaintiff to meet and confer with his inmate witnesses in order to prepare for trial. (Doc. 257). In accordance with the Court's general practice, the motion is treated as one seeking injunctive relief.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the Court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d

1118, 1126 (9th Cir. 2006). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

A mandatory preliminary injunction "is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party." Dahl v. Hem Pharmaceuticals Corp., 7 F.3d 1399, 1403 (9th Cir. 1993).

In this instance, Plaintiff's claim against Defendants arises from an incident of alleged excessive force on July 16, 2003, and also allegations of retaliation and inadequate medical care. (Doc. 24.) The Court does not have jurisdiction in this action to issue the order sought by Plaintiff, as the case or controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in his motion bears no relation to the event giving rise to this suit.

Further, as was discussed during the telephonic trial confirmation hearing held August 8, 2008, the Court will direct the Clerk of the Court to attach to the writs of habeas corpus ad testificandum for each witness a copy of the witness's respective declaration detailing his/her knowledge of the events giving rise to this claim, if a declaration was filed.[1]

For the reasons set forth herein, the Court HEREBY RECOMMENDS that Plaintiff's motion for a court order, filed September 16, 2008, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d

---

[1] Plaintiff attached to his amended complaint, filed January 4, 2005, the declarations of Inmate Witnesses Houston Francois, David Wayne Smith, Brent Waggoner, Vaka Semisi Katoa, Hector Zamora, and Armando Morales. (Doc. 24).

1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** **December 23, 2008**          **/s/ Dennis L. Beck**
                                             UNITED STATES MAGISTRATE JUDGE