# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. JAMES III, | CASE NO. 1:04-cv-05878-LJO DLB PC |
| Plaintiff, | ORDER STRIKING UNSIGNED MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTIVE RELIEF; AND STRIKING UNSIGNED MOTION FOR SANCTIONS |
| v. | |
| A.K. SCRIBNER, et al., | |
| Defendants. | (Docs. 289, 290) |
| _____/ | |

Plaintiff John E. James III ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 22, 2004. On May 28, 2009, an unsigned motion for a temporary restraining order and preliminary injunctive relief was filed in this action[1] and also an unsigned motion for sanctions. (Docs. 289, 290.)

---

[1] The motion for injunctive relief requests that Plaintiff be transferred to federal custody from the custody of the California Department of Corrections and Rehabilitation ("CDCR"). The motion states that members of the "Green Wall" gang, comprised of Correctional staff members, have placed a "hit" on Plaintiff's life and are attempting to have Plaintiff murdered.
  Even if the Court could consider an unsigned motion, there is no evidence submitted (for example., signed declarations or affidavits) to support the motion and therefore the motion would be denied.  Further still, the purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.
  Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it

1

1    The Court cannot consider unsigned filings. Local Rule 7-131; Fed. R. Civ. P. 11(a).
2 Accordingly, the unsigned motion is HEREBY STRICKEN from the record.
3    IT IS SO ORDERED.
4    Dated:   **June 1, 2009**          /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE

---

an actual case or controversy.  <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); <u>Jones v. City of Los Angeles</u>, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  <u>Id</u>.
   In this instance,  Plaintiff's claims arise from conditions he was allegedly subjected to while incarcerated at California State Prison - Corcoran ("CSP-Corcoran"). Plaintiff is currently housed at California State Prison - Solano ("CSP-Solano") and seeks an order mandating his transfer from CDCR custody.  Plaintiff's claims in this action arise from past conditions of confinement at CSP-Corcoran.  The court does not and will not have jurisdiction in this action over prison officials at CSP-Solano, nor prison officials at Kern Valley State Prison (which is listed on the Court Docket as Plaintiff's address for service).
   Finally, the motions are not accompanied by proof of service.  Local Rule 5-135(c), Fed. R. Civ. P. 5(d).

2