# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. JAMES III, | CASE NO. 1:04-cv-05878-LJO DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTIVE RELIEF BE DENIED |
| v. | |
| A.K. SCRIBNER, et al., | |
| Defendants. | (Doc. 295) |
| _____/ | |

Plaintiff John E. James III ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 22, 2004. On June 26, 2009, Plaintiff filed a motion for a preliminary injunction and/or temporary restraining order. (Doc. 295.) Defendants have not yet responded to the motion. Due to the self-reported urgency of Plaintiff's motion, and because there is no apparent prejudice to defendants in light of the recommendation that follows, the court shall address Plaintiff's motions without waiting twenty-one days from the date of plaintiff's filing. Local Rule 78-230(m).

Plaintiff alleges that members of an organized crime state employee gang, referred to by Plaintiff as the Green Wall Gang, have offered $10,000 to any staff or inmate to murder Plaintiff. Plaintiff states that he has been physically tortured and that attempts have been made to maim him. Plaintiff states that he has filed approximately ten requests for temporary restraining orders and/or preliminary injunctions over a period of six years, and each motion has been denied. Plaintiff states that it is his belief that judges from the United States District Court have been bribed by CDCR

officials. Plaintiff believes that he is not safe in CDCR custody, and requests, *inter alia,* a transfer to federal custody.

As was previously explained, the purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

In this instance, Plaintiff's claims arise from conditions he was allegedly subjected to while incarcerated at California State Prison - Corcoran ("CSP-Corcoran"). Plaintiff is currently housed at Kern Valley State Prison and seeks an order mandating his transfer from CDCR custody. Plaintiff's claims in this action arise from past conditions of confinement at CSP-Corcoran. The court does not and will not have jurisdiction in this action over prison officials at Kern Valley State Prison.

Even if the Court has jurisdiction, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted)

1  (emphasis in original).  Plaintiff has not met his burden as the moving party.  As examples, Plaintiff
2  states that indirect threats have been made against him by prison staff, but he does not identify the
3  individuals who made these threats, when they were made, or provide any details of the threats;
4  further, Plaintiff does not identify the source of his information that a hit has been placed on his life.
5  Plaintiff's motion is supported only by his own affidavit, and there is little evidence submitted
6  "demonstrat[ing] either (1) a combination of probable success and the possibility of irreparable harm,
7  or (2) that serious questions are raised and the balance of hardship tips in its favor."  Arcamuzi, 819
8  F. 2d at 937.

9        Therefore, the court HEREBY RECOMMENDS that Plaintiff's motion for a temporary
10 restraining order and/or for preliminary injunctive relief, filed June 25, 2009, be DENIED.

11       These Findings and Recommendations will be submitted to the United States District Judge
12 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
13 **days** after being served with these Findings and Recommendations, the parties may file written
14 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
15 Findings and Recommendations."  The parties are advised that failure to file objections within the
16 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
17 1153 (9th Cir. 1991).

18

19     IT IS SO ORDERED.

20     Dated:   **June 30, 2009**          **/s/ Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE