# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. JAMES III,<br><br>        Plaintiff,<br><br>    v.<br><br>A.K. SCRIBNER, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:04-cv-5878-LJO-DLB PC<br><br>**ORDER**<br><br>(Docs. 251, 254, 258, 277, 291, 294, 228, 256, 311, 312) |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. This action is scheduled for jury trial commencing September 28, 2009.

**A.     Motions to Extend Time (Docs. 251, 254, 258)**

In September 2008, Plaintiff filed motions to extend time to file objections to the original Pre-Trial Order.  Plaintiff's objections were considered by the Court and on December 24, 2008 the Court issued an Amended Pre-Trial Order. (Doc. 268.)  The motions to extend time are disregarded as moot.

**B.     Motion for Extension of Time to Submit Exhibits (Doc. 258); Motion for Immediate Trial Date (Doc. 291); Motion for Voluntary Dispute Resolution (Doc. 277)**

Plaintiff has submitted copies of his trial exhibits.  The request for an extension of time is disregarded as moot.  Plaintiff's motion for an immediate trial date is also disregarded as moot.

Plaintiff filed a motion to participate in voluntary dispute resolution on March 19, 2009.  A settlement conference was held on May 21, 2009 before Magistrate Judge Vadas.  This case did not settle.  The motion is disregarded as addressed and resolved.

1

**C.      Motion for Sanctions (Doc. 294)**

Plaintiff complains that defendants' conduct in arranging for and participating in the settlement negotiations was a sham. Plaintiff further contends that C.D.C.R. officials retaliated against him in preparation for the settlement conference, that Magistrate Judge Vadas was biased, that defendants' settlement offer was disrespectful, and that defendants are attempting to have him murdered.

Plaintiff's conclusory and unprovable statements and allegations constitute an undue consumption of time. Plaintiff's request for sanctions is denied.

**D.      Defendants' Opposition to Plaintiff's Incarcerated Witnesses (Doc. 310)**

Defendants request that the Court deny Plaintiff's motion for incarcerated witnesses. This matter was addressed and resolved by Magistrate Judge Beck at the telephonic trial confirmation hearing held on August 8, 2008 and the seven proposed inmate witnesses are listed in the Pre-Trial Order. The deadline for filing objections to the Pre-Trial Order was August 29, 2008. Defendants' request is untimely and denied.

It appears that only three of the seven proposed inmate witnesses (Armando Morales, Brent Waggoner and Lonnie Williams) remain in the custody of C.D.C.R. The Court has issued orders and writs of habeas corpus *ad testificandum* to transport these three inmate witnesses for trial.

**E.      Plaintiff's Motions *In Limine* (Docs. 228, 256)**

Plaintiff requests that Defendants refrain from commenting upon his criminal convictions at trial. Plaintiff's motions are not specific enough for the Court to determine whether his criminal convictions fit within the parameters of Federal Rule of Evidence 609 and the motion is denied without prejudice. In addition, Rule 609 does not apply to Plaintiff's disciplinary violations and arrest history.

**F.      Defendants' Motions *in Limine* (Docs. 311, 312)**

Defendants request that Plaintiff's exhibits 19 through 39 be excluded on the grounds that they were not previously identified in the Amended Pre-Trial Order. The motion is granted for non-compliance with the Court order.

Defendants' specific objections to the remainder of Plaintiff's proposed exhibits will be taken

1 | up at the trial as the exhibits are individually offered, if indeed they are offered.

2 |     Defendants' motion to bifurcate any mention of punitive damages is granted.

3 | IT IS SO ORDERED.

4 | **Dated:   September 18, 2009**          **/s/ Lawrence J. O'Neill**
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE