# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. JAMES, III, | CASE NO. 1:04-cv-05878-LJO-DLB PC |
| Plaintiff, | ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY |
| v. | (Doc. 365) |
| SCRIBNER, et al., | ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL |
| Defendants. | |
| / | (Doc. 366) |

**Order**

Plaintiff John E. James, III ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This action went to jury trial on November 9, 2009, against 1) Defendants Beer, German, Martinez, Torres, Trotter, and Vogel for excessive force in violation of the Eighth Amendment, 2) Defendants Edmond, Lemos, Maldonado, and Trotter for deliberate indifference to a serious medical need in violation of the Eighth Amendment, and 3) Defendants Beer, Edmond, German, Lemos, Maldonado, Martinez, Rabe, Torres, Trotter, and Vogel for retaliation in violation of the First Amendment. On November 13, 2009, the jury returned a verdict in favor of all Defendants. Judgment was entered on November 17, 2009, pursuant to the jury verdict and in favor of Defendants.

1

On December 2, 2009, Plaintiff filed a motion for new trial. (Court Doc. 366.) On December 18, 2009, Defendants filed their opposition to the motion. (Doc. 368.) On January 5, 2010, Plaintiff filed his reply.[1]

On December 2, 2009, Plaintiff also filed a motion for certificate of appealability. The Court will deny this motion as unnecessary. Pursuant to 28 U.S.C. § 2253, certificates of appealability are only needed to appeal final orders in habeas corpus cases. No certificate is needed to appeal this section 1983 action. Accordingly, Plaintiff's motion for certificate of appealability is DENIED as unnecessary.

**I.   Motion For New Trial**

**A.   Legal Standard**

Federal Rule of Civil Procedure 59(a) provides that: "[A] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Rule 59 does not specify the grounds on which a motion for a new trial may be granted. *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). Rather, the court is "bound by those grounds that have been historically recognized." Id. "Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)). A new trial may be granted only if the verdict is contrary to the clear weight of the evidence, is based upon false or

---

[1] Plaintiff also filed an appeal to the Ninth Circuit Court of Appeals. On January 14, 2010, the Ninth Circuit issued an order holding the appeal in abeyance pending the resolution of Plaintiff's motion in this Court. (Doc. 370.)

Defendants contend that Plaintiff's motion is untimely. Defendants contend that pursuant to Rule 59(b), the time to file a motion for new trial is no later than 10 days after entry of judgment. Defendants contend that judgment was entered on November 13, 2009, and thus Plaintiff had until November 23, 2009 to file his motion. The proof of service filed with the motion indicates it was served on November 25, 2009. (Doc. 366, p. 4.)

The Court notes that the Federal Rules of Civil Procedure have changed, effective December 1, 2009. However, Plaintiff's motion is still governed by the previous Rules as they were in effect during the relevant time. Under the previous Federal Rules of Civil Procedure, time periods that were eleven days or less excluded Saturdays, Sundays, and legal holidays. Thus, excluding those days, Plaintiff's motion is timely.

2

perjurious evidence, or to prevent a miscarriage of justice. *Molski*, 481 F.3d at 729; *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n. 15 (9th Cir. 2000).

In considering a motion for a new trial, the court may weigh the evidence and assess the credibility of witnesses, and the court need not view the evidence in the light most favorable to the prevailing party. *Air-Sea Forwarders, Inc. v. Air Asia Co., Ltd.*, 880 F.2d 176, 190 (9th Cir. 1989). However, it is not enough that the trial judge would have reached a different verdict from the jury. *United States. v. 4.0 Acres of Land*, 175 F.3d 1133, 1139 (9th Cir. 1999); *Roy v. Volkswagen of America, Inc.*, 896 F.2d, 1174, 1176 (9th Cir. 1990). After weighing the evidence, the trial judge faces a difficult task:

> It may be doubted whether there is any verbal formula that will be of much use to trial courts in passing on motions [for a new trial on the grounds that the verdict is against the clear weight of the evidence]. Necessarily all such formulations are couched in broad and general terms that furnish no unerring litmus for a particular case. On the one hand, the trial judge does not sit to approve miscarriages of justice. His power to set aside the verdict is supported by clear precedent at common law and, far from being a denigration or a usurpation of jury trial, has long been regarded as an integral part of trial by jury as we know it. On the other hand, a decent respect for the collective wisdom of the jury, and for the function entrusted to it in our system, certainly suggests that in most cases the judge should accept the findings of the jury, regardless of his own doubts in the matter. Probably all that the judge can do is to balance these conflicting principles in the light of the facts of the particular case. If, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed, it is to be expected that he will grant a new trial.

*Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371-72 (9th Cir. 1987) (internal cites and quotations omitted). "Doubts about the correctness of the verdict are not sufficient grounds for a new trial: the trial court must have a firm conviction that the jury has made a mistake." *Id.* at 1372 (citing *Tennant v. Peoria & Pekin Union Ry.*, 321 U.S. 29, 35 (1944)). A court should upset the jury's verdict only where the evidence at trial supports only one reasonable verdict-- that in favor of the moving party. *E.g.*, *The Jeanery, Inc. v. James Jeans, Inc.*, 849 F.2d 1148, 1151 (9th Cir. 1988).

Local Rule 291 provides that "[M]otions for new trial shall state with specific references to relevant portions of any existing record and to any supporting affidavits: (1) the particular errors of law claimed, (2) if a ground is insufficiency of the evidence, the particulars thereof, and

(3) if a ground is newly discovered evidence, the particulars thereof, together with a full complete description of the facts relating to the discovery of such evidence and the movant's diligence in connection therewith."

**B.     Arguments**

Plaintiff contends that Defendants Martinez, Beer, Torres, German, and Vogel failed to perform a calculated use of force, which Plaintiff contends is a due process violation. (Doc. 366, Mot. For New Trial 2-3.)  Plaintiff also contends that the appropriate investigation required by the "Director's Operations Manual"and Operational Procedure 222, "Use of Force Policy," were not conducted. (*Id.*)  Plaintiff also contends that defendants "clearly and repeatedly demonstrated deliberate indifference to the "excessive force" alleged by Plaintiff in this matter, by failing to 1) have a lieutenant interview Plaintiff, 2) have the alleged injuries be photographed, or 3) notify the office of investigative affairs.  (*Id.*)  Plaintiff also contends that he should have been allowed to present claims that he allegedly raised in his proposed second amended complaint, which the assigned Magistrate Judge denied. (*Id.* at 3.)

In opposition, Defendants contend that Plaintiff raises no grounds for a new trial. (Defs.' Opp'n 1:26.)  Defendants contend that Plaintiff is listing issues that are central to the underlying claims in the case, which a jury was asked to determine, and did determine against Plaintiff.  (*Id.* at 2:8-12.)  Defendants contend that Plaintiff's appeal is simply because he is dissatisfied with the jury's verdict. (*Id.*)  Defendants further contend that dissatisfaction with the Magistrate Judge's order is not a grounds for a new trial. (*Id.* at 2:14-16.)  In reply, Plaintiff contends that his grounds for a new trial are based on a verdict against the clear weight of the evidence. (Reply 1.)

**C.     Weight of the Evidence**

"On a question of the sufficiency of evidence to support a verdict, 'the evidence adduced by the opposing party shall be taken as true and all reasonable inferences deducible therefrom shall be given their most favorable intendment. *State of Washington v. United States*, 214 F.2d 33, 40 (9th Cir. 1954) (quoting *Smith v. Shevlin-Hixon Co.*, 157 F.2d 51, 53-54 (9th Cir. 1946)). Evidence is "legally sufficient to support a jury finding on any question of fact, if it is of such

4

evidence and character that reasonable men might reach that conclusion," and "[i]n determining whether [] evidence meets this test, all reasonably inferences therefrom, favorable to verdict are to be drawn," and all conflicts are to be resolved in favor of the verdict. *Standard Oil Co. of Cal. v. Moore,* 251 F.2d 188, 198 (9th Cir. 1958).

### 1.   Magistrate Judge's Denial of Proposed Amended Complaint

Plaintiff contends that he should have been allowed to file a second amended complaint, and to present those claims at trial. Defendants contend that this is not a basis for a new trial. The Court agrees with Defendants. The Magistrate Judge assigned to this case issued an order denying Plaintiff's proposed amended complaint on the grounds that it did not present new facts or claims but included facts, claims, and defendants that the Court had previously ruled on. (Doc. 59, Magistrate Judge's Order.) This is not grounds for a new trial.

### 2.   Excessive Force Claim

At trial, Plaintiff contended that on July 16, 2003, Defendants Beer, German, Martinez, Torres, Trotter, and Vogel subjected him to excessive force without justification.[2] In his motion, Plaintiff cites to the Department of Corrections Operation Manual, as well as Operational Procedure 222, and contends that Defendants Martinez, Beer, Torres, German, and Vogel failed to follow procedure. This does not comply with Local Rule 291, which provides that "motions for new trial shall state with specific references to relevant portions of any existing record and to any supporting affidavits . . . [and] if a ground is insufficiency of the evidence, the particulars thereof." Plaintiff cites to no relevant portions of the record or supporting affidavits. Plaintiff contends that Defendants' alleged actions were a violation of due process, but that was not a claim presented at trial. Allegations of violations of state procedure are also insufficient grounds for a new trial. Plaintiff has not met his burden as the moving party.

///

///

///

---

[2] In his motion, Plaintiff does not raise issues regarding his claims of denial of medical care by Defendants Edmond, Lemos, Maldonado, and Trotter, or retaliation by all defendants.

**II.     Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for certificate of appealability, filed December 2, 2009, is DENIED as unnecessary, and Plaintiff's motion for a new trial, filed December 2, 2009, is DENIED.

IT IS SO ORDERED.

Dated:    February 25, 2010                    /s/ Lawrence J. O'Neill
                                                              UNITED STATES DISTRICT JUDGE